Therefore, based upon *Souel* and *Morrow, supra,* I concur.

---

The STATE of Ohio, Appellant,

v.

WELLS, Appellee.

[Cite as *State v. Wells* (1990), 68 Ohio App.3d 648.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58912.

Decided July 16, 1990.

*John T. Corrigan,* Prosecuting Attorney, and *John Gallagher,* for appellant.

*Thomas Shaughnessy,* for appellee.

VICTOR, Judge.

This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the record from the Cuyahoga County Court of Common Pleas and the briefs and oral arguments of counsel.

The state appeals the trial court's dismissal of charges against defendant-appellee Damon Wells ("defendant"), which was based upon the court's determination that no probable cause existed to support the seizure of evidence from defendant. On appeal, the state alleges error in the trial court's ruling. However, the record supports the decision of the trial court.

The facts briefly are as follows: Two police officers were on routine patrol. They noticed defendant standing in front of an apartment building. At first, the officers did not become "suspicious" of defendant. According to an officer's testimony, he then began to suspect that defendant was engaged in illicit drug trade when defendant looked in the direction of the police car and began walking at a "normal" pace around the side of the building. The officers approached defendant, conducted a warrantless search of his person and his gym bag. The officers discovered a gun in his bag. Defendant was then arrested.

The testimony at trial revealed that defendant lived in the apartment building that he was standing in front of. The officer testified that he stopped and frisked defendant for two reasons. First, defendant was standing in a location where the officer knew drugs were sold and, second, defendant began to walk away when the police car approached.

The state's single assignment is overruled for the reason that there existed no basis pursuant to *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, for the stop and search of defendant and his bag. The record is devoid of any evidence by the state that articulable facts existed to show that a crime had occurred. In fact, the officer admitted that no crime had occurred. Further, the record contains no independent evidence that the officers believed defendant to be armed. See *State v. Izzo* (Feb. 15, 1990), Cuyahoga App. No. 57982, unreported, 1990 WL 14163 (*per curiam*) ("To rule otherwise would establish the dangerous precedent that a person's mere presence in an area of high crime activity suspends the protection of the Fourth and Fourteenth amendments to the U.S. Constitution").

*Judgment affirmed.*

NAHRA, P.J., and MALLONE, J., concur.

WILLIAM H. VICTOR, J., retired, of the Ninth Appellate District, and JOSEPH P. MALLONE, J., of the Ashtabula County Court of Common Pleas, sitting by assignment.